# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHARON ARANETA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-01060-MLB-JKL |
| | ) |
| THE CENTRAL TRUST BANK, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT CENTRAL TRUST BANK'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Central Trust Bank ("Central Bank") states as follows for its Answer to Plaintiff's Complaint:

## RESPONSE TO INTRODUCTION

1. Paragraph 1 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Central Bank denies the allegations in Paragraph 1 of Plaintiff's Complaint.

## RESPONSE TO PARTIES

2. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint, and therefore denies the same.

3. Paragraph 3 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Central Bank denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Central Bank admits that it is a banking institution with a main office located in Jefferson City, Missouri. The remaining allegations of Paragraph 4 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent a response is required, Central Bank denies the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

## RESPONSE TO JURISDICTION AND VENUE

6. Paragraph 6 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Central Bank denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Central Bank denies the allegations in Paragraph 7 of Plaintiff's Complaint.

**RESPONSE TO FACTUAL ALLEGATIONS**

8. Central Bank admits that it issued an account ending in 0003XXXX to Plaintiff. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10. Paragraph 10 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Central Bank denies the same.

11. Paragraph 11 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Central Bank states that the document referenced is the best evidence of its own terms.

12. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17. Paragraph 17 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Complaint, and therefore denies the same.

19. Central Bank admits that it was not notified of a dispute. Central Bank denies the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

20. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21. Central Bank denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Central Bank denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Paragraph 23 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's Complaint, and therefore denies the same

24. Central Bank denies the allegations in Paragraph 24 of Plaintiff's Complaint.

## **RESPONSE TO CLAIM FOR RELIEF**

25.     In response to Paragraph 25 of Plaintiff's Complaint, Central Bank reasserts and incorporates herein by reference all facts and allegations set forth above.

26.     Paragraph 26 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same

27.     Paragraph 27 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Central Bank admits the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Complaint, and therefore denies the same.

29.     Central Bank denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Paragraph 30 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Central Bank is

without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Complaint, and therefore denies the same

31. Paragraph 31 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiff's Complaint, and therefore denies the same

32. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiff's Complaint, and therefore denies the same.

33. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiff's Complaint, and therefore denies the same.

34. Central Bank denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Central Bank denies the allegations in Paragraph 35 of Plaintiff's Complaint.

WHEREFORE, having fully answered Plaintiff's Claim for Relief, Central Bank prays that Plaintiff takes nothing by her Complaint, that the same be dismissed

with prejudice, for Central Bank's attorneys' fees and costs as allowed by law, and for such other and further relief as this Court deems just and proper in the premises.

## JURY DEMAND

Central Bank hereby requests a trial by jury on all issues so triable.

## AFFIRMATIVE/ADDITIONAL DEFENSES

COMES NOW, Central Bank, and for its Affirmative/Additional Defenses, states:

1. Central Bank denies each and every allegation in Plaintiff's Complaint other than those specifically admitted above.

2. Plaintiff's Complaint fails to state a claim against Central Bank upon which relief may be granted.

3. Plaintiff's claims fail because Central Bank never received notice of a dispute by Plaintiff from a Credit Reporting Agency.

4. At all relevant times, Central Bank maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act.

5. Any alleged damages to Plaintiff, which Central Bank denies, are the result of the acts or omissions of Plaintiff or others over whom Central Bank has no control and for whom Central Bank has no responsibility, and therefore Plaintiff is estopped and barred from recovery of any damages from Central Bank.

6. Central Bank at all times acted in compliance with the Fair Credit Reporting Act.

7. Central Bank has not furnished any false, inaccurate or defamatory information regarding Plaintiff.

8. Central Bank has not acted with negligence, malice, or willful intent to injure.

9. Plaintiff has failed to mitigate her damages.

10. Plaintiff's claims fail as she has no private right of action against a furnisher for providing inaccurate or incomplete information to a consumer reporting agency. *See* 15 U.S.C. Sec. 1681s-2(c)-(d).

11. Plaintiff's claims for exemplary or punitive damages and the Fair Credit Reporting Act damage model violate the Due Process and Excessive Fines Clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the laws of the State of Missouri.

12. Plaintiff cannot satisfy the requirements of 15 U.S.C. Sec. 1681n to obtain punitive or statutory damages.

13. Any alleged damages to Plaintiff, which Central Bank denies, were caused in whole or in part by an intervening or superseding cause and were not caused by any act or omission of Central Bank.

14. Plaintiff did not incur any cognizable damages as a result of the alleged conduct of Central Bank.

15. Plaintiff lacks standing under Article III of the U.S. Constitution because she has not suffered an injury-in-fact that is fairly traceable to Central Bank.

16. All claims for relief in the Complaint are barred by the doctrine of laches.

17. To the extent Plaintiff claims Central Bank willfully violated the Fair Credit Reporting Act, which Central Bank denies, any violation was not willful because Central Bank's interpretation of the FCRA was not objectively unreasonable. *See Safeco Ins. Co. of Am. V. Burr,* 551 U.S. 47, 70 (2007)

18. The Complaint seeks relief which is barred by the doctrine of unclean hands.

19. Central Bank reserves the right to amend its pleadings to assert additional defenses, including affirmative defenses, as such become known or ascertained through the course of discovery and further investigation.

WHEREFORE, having fully answered Plaintiff's Complaint, Central Bank requests judgment in its favor, for its costs and reasonable attorneys' fees, and whatever further relief the Court deems just and proper under the circumstances.

Respectfully submitted this 25th day of June, 2021,

        **RUBIN LUBLIN, LLC**

        /s/ Bret Chaness
        Bret Chaness (GA Bar No. 720572)
        3145 Avalon Ridge Place, Suite 100
        Peachtree Corners, Georgia  30021
        770-246-3300
        Fax: 470-508-9203
        bchaness@rlselaw.com

        and

        **ARMSTRONG TEASDALE LLP**

        Beverly M. Weber   *(PHV Application Pending)*
        Lauren Haley Navarro *(PHV Application Pending)*
        2345 Grand Boulevard, Suite 1500
        Kansas City, MO  64108
        (816) 221-3420
        Fax: (816) 221-0786
        bweber@atllp.com
        lnavarro@atllp.com

        ATTORNEYS FOR DEFENDANT
        THE CENTRAL TRUST BANK

## FONT CERTIFICATION

The undersigned counsel for the Defendants hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 25th day of June, 2021.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **25th day of June, 2021**.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

/s/ Bret Chaness
**Attorney for Defendant**
**THE CENTRAL TRUST BANK**